UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FKA DISTRIBUTING CO.,

    Plaintiff,

v.

HIGHFLYER, LLC,

    Defendants.

_____/

Civil Case No. 24-cv-11320

HON. MARK A. GOLDSMITH

**OPINION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. 33)**

Plaintiff FKA Distributing Co. d/b/a Homedics (Homedics), a manufacturer of health and wellness products, brings this action against Defendant Highflyer, LLC d/b/a Highflyer214 (Highflyer), alleging trademark infringement, unfair competition, false designation of origin, false advertising, and a violation of the Michigan Consumer Protection Act. Before the Court is Highflyer's motion to dismiss (Dkt. 33) Homedics' second amended complaint (SAC) (Dkt. 28).[1] For the reasons that follow, the Court denies the motion.

### I. BACKGROUND

Homedics is a manufacturer of health and wellness products that sells its products online and in stores using the brand mark "HOMEDICS." SAC ¶¶ 7–13. Homedics alleges that Highflyer sells "used or refurbished" Homedics products to consumers online through Amazon and Walmart that it falsely advertises as new products. Id. ¶¶ 14–16. Highflyer posts these products for sale using "near exact cop[ies]" of Homedics' [advertisements], including Homedics' photos [and]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing also includes Homedics' response (Dkt. 34) and Highflyer's reply (Dkt. 35).

1

product descriptions. Id. ¶¶ 15–16. Homedics alleges that these products are not covered by Homedics' manufacturer's warranty, "despite [Highflyer's] false representations to the contrary." Id. ¶ 14. According to Homedics, "[t]his has led to consumer confusion regarding their coverage under Homedics' manufacturer's warranty, as consumers believe they are purchasing new products directly from Homedics when in fact they are receiving used or refurbished products from an unauthorized reseller." Id. ¶ 15.

Highflyer argues that it purchases genuine Homedics products on the open market and resells them through Amazon and Walmart. Br. Supp. Mot. to Dismiss at 3. It contends that Homedics filed this action seeking to eliminate competition. Id. Highflyer argues that the SAC should be dismissed due to (i) lack of personal jurisdiction over Highflyer and (ii) insufficient allegations. Id. at 3–4. The Court begins by finding that Homedics has sufficiently alleged that the Court possesses personal jurisdiction over Highflyer. The Court then addresses each of Homedics' claims in turn, finding that its allegations supporting each claim suffice at the motion to dismiss stage.

## II.  ANALYSIS

### A. Personal Jurisdiction

"A court may exercise its power only over defendants subject to personal jurisdiction in the court's state." AMB Media, LLC v. OneMB, LLC, No. 23-5607, 2024 WL 2052151, at *2 (6th Cir. May 8, 2024). At the motion to dismiss stage where a court rules without conducting an evidentiary hearing, "the jurisdictional burden is relatively slight—the plaintiff need only make a prima facie showing that personal jurisdiction exists." Id. at *2 (punctuation modified). Courts consider pleadings "in a light most favorable to the plaintiff and do not weigh the controverting

assertions of the party seeking dismissal." Id. (punctuation modified). Homedics' allegations meet this lenient standard.

Personal jurisdiction can be general or specific. Sullivan v. LG Chem, Ltd., 79 F.4th 651, 660 (6th Cir. 2023). Highflyer argues that Homedics has not established that either form of personal jurisdiction applies. Mot. at 7–12. Homedics, on the other hand, argues that both general and specific jurisdiction apply. Resp. at 4–9. Because the Court finds that it has specific jurisdiction over Highflyer, it does not need to address Homedics' arguments regarding general jurisdiction.

"For a court to exercise specific jurisdiction, a defendant must have had such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." AMB Media, 2024 WL 2052151, at *2 (punctuation modified). The Sixth Circuit applies the three-part Mohasco test to assess specific personal jurisdiction. Id. at *3 (citing S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)). Specific jurisdiction exists where: (i) the defendant has purposefully availed himself of the privilege of acting in the forum state; (ii) the claims arise out of or relate to the defendant's contacts with the forum; (iii) the defendant's acts have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Id.

Homedics alleges that Highflyer advertises products for sale on Amazon.com and Walmart.com. SAC ¶¶ 15, 16. Homedics also alleges that Highflyer "regularly transact[s] business in this District and . . . . regularly ship[s] products to this jurisdiction . . . ." Id. ¶ 6. Highflyer argues that these allegations fail to meet the Mohasco test because (i) they are "conclusory," (ii) they are "'not tie[d] . . . to any of the claims or specific products at issue in this

3

case," and (iii) "[t]here are no allegations that [Highflyer] expressly aims any activities at Michigan." Mot. at 10–12. The Court disagrees.

First, Highflyer's contention that Homedics' allegations are too conclusory fails to acknowledge the lenient pleading requirements for personal jurisdiction described above. Homedics alleges two specific and well-known nationwide websites that Highflyer uses to advertise products for sale—Amazon.com and Walmart.com. It also alleges that Homedics "regularly" ships products to this jurisdiction. True, Homedics does not allege a certain number of sales made by Highflyer to Michigan customers. But this degree of particularity is not needed at the motion to dismiss stage. Homedics' allegations regarding regular shipments suffice at this stage.

Second, as Homedics correctly points out, its claims directly arise from Highflyer's alleged infringing activities. Resp. at 7. Selling Homedics products nationwide, including to consumers in Michigan, "constitutes the very conduct at the heart of" Homedics' claims. Id.[2]

The Court interprets Highflyer's third argument as one regarding purposeful availment but finds that such an argument was recently foreclosed by a recent Sixth Circuit decision. In AMB Media, the plaintiff—a Tennessee LLC that provided a service for customers to digitally preserve their home movies and photos—brought trademark infringement claims against Arizona-based

---

[2] Homedics' SAC includes a picture of a delivery confirmation and shipping label for a recipient named "Muhammad Siwani" who has a Royal Oak, Michigan address. SAC. ¶ 6. Highflyer contends that Siwani is Homedics' outside counsel. See Mot. at 11. With respect to the connection between jurisdictional allegations and the claims at issue in this case, Highflyer aruges that "[a] single purchase by the Plaintiff cannot create personal jurisdiction where it would not otherwise exist—otherwise every [p]laintiff could manufacture jurisdiction over its adversary." Id. Homedics may well be correct as to this point, but the Court finds that Homedics' allegations regarding regular sales to Michigan suffice to establish personal jurisdiction. Homedics did not need to include extrinsic evidence of shipments to Michigan to establish personal jurisdiction at the motion to dismiss stage.

4

LLCs that offered a similar service. AMB Media, 2024 WL 2052151, at *1. The defendants moved to dismiss on several grounds, including a purported lack of personal jurisdiction. Id. The district court agreed with the defendants, finding that they had not purposefully availed themselves of Tennessee as a forum. Id. The Sixth Circuit, applying the Mohasco standard, reversed. Id. at *3–*8.

With respect to purposeful availment, the court explained that "if a company holds itself out to a jurisdiction's business and does regular commerce there, it has fair warning that it could be subject to suit in that location." Id. at *4. "[N]o specific targeting is required when a defendant . . . operates a national business aimed at a nationwide audience with regular sales into a given forum." Id. at *5 (punctuation modified). The court found that roughly 20 sales per year to Tennessee customers through defendant's online website were enough to establish personal jurisdiction in that state. Id. at *3. Homedics' allegations describe Highflyer as exactly the sort of "national business aimed at a nationwide audience" that AMB Media contemplated. Homedics has sufficiently alleged that Hifhlyer214 has purposefully availed itself of the privilege of acting in Michigan.

For these reasons, the Court finds that it has specific personal jurisdiction over Highflyer and proceeds to address Homedics' claims.

### B. Homedics' Claims against Highflyer

Homedics brings federal claims under the Lanham Act, 15 U.S.C. § 1051 et seq., for (i) trademark infringement; (ii) false designation of origin; (iii) false advertising; and (iv) unfair competition.[3] Homedics also brings state-law claims for (i) violations of the Michigan Consumer

---

[3] Count I of Homedics' SAC brings "unfair competition, false designation of origin or sponsorship, and false advertising" claims under 15 U.S.C. § 1125(a) of the Lanham Act. SAC at 11 (punctuation modified). Highflyer argues that Count I is "a jumbled mess that conflates [the]

5

Protection Act (MCPA), Mich. Comp. L. §§ 445.901 et seq.; (ii) common law trademark infringement; and (iii) common law unfair competition. For the following reasons, the Court finds that all of Homedics' claims survive Highflyer's motion to dismiss.[4]

1. **Federal Trademark Infringement**

Homedics brings a federal trademark infringement claim under the Lanham Act. A trademark is "any word, name, symbol, or device, or any combination thereof . . . used by a person . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (i) it owns the registered trademark; (ii) the defendant used the mark in commerce; and (iii) the use was likely to cause confusion. Id. § 1114(1); Hensley

---

distinct causes of action" available under § 1125(a), which the Supreme Court has described as "false association" and "false advertising" claims. Mot. at 15 (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 122 (2014)).

True, Homedics did not bring claims that fit squarely under this nomenclature. But false advertising claims are a form of unfair competition claim. See, e.g., Geomatrix, LLC v. NSF Int'l, 629 F. Supp. 3d 691, 707 (E.D. Mich. 2022) ("While the Lanham Act is generally thought of as governing trademark disputes, its text leads to wider applicability as it also creates a federal cause of action for unfair competition, including false advertising."). In addition, Homedics' false designation of origin claim can be thought of as a false association claim. Id. ("[A false association claim] is typically brought in cases in which one party makes a false designation that is likely to cause confusion or to deceive a consumer as to the origin of that party's goods or services.") (punctuation modified). For these reasons, the Court addresses Homedics' claims as originally pled.

[4] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

6

Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009). Highflyer argues that Homedics has not established the first or third elements. It further argues that the "first sale" exception provides Highflyer with a defense to claims of infringement.

As to the first required element, Highflyer argues that Homedics' SAC identifies a service mark registration, not a registered trademark. Mot. at 13. The specific allegation from Homedics' SAC reads: "Homedics also owns several U.S. Trademark Registrations for HOMEDICS, including but not limited to Registration No. 2,544,528 for HOMEDICS for use in connection with on-line retail store services featuring personal, wellness and therapy products to provide relaxation for health purposes . . . . Homedics' registrations are valid, subsisting, uncanceled, and unrevoked." SAC ¶ 9. Homedics attached one exhibit to its SAC, showing the registration of the service mark with number 2,544,528. See TM Reg 2544528 (Dkt. 28-1).

The Court acknowledges that Homedics has not identified a specific trademark that it owns. But Homedics alleges that it owns "several U.S. Trademark Registrations for HOMEDICS, including but not limited to Registration No. 2,544,528 . . . ." SAC ¶ 9 (emphasis added). At the motion to dismiss stage, this allegation is sufficient.

As to the third required element, Highflyer argues that Homedics "fails to address the eight factors used in this Circuit to determine whether there is a likelihood of confusion." Mot. at 13. "The touchstone of liability for trademark infringement is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." Hensley Mfg., 579 F.3d at 610 (punctuation modified). Courts typically weigh the following eight factors in determining whether a likelihood of confusion exists: "(1) strength of the senior mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care;

7

(7) the intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines." Id.

Admittedly, Homedics did not provide a thorough analysis of these factors in its SAC or response to Highflyer's motion to dismiss. But the SAC sufficiently alleges the existence of actual confusion, which is "undoubtedly the best evidence of likelihood of confusion." Grubbs v. Sheakley Grp., Inc., 807 F.3d 785, 796 (6th Cir. 2015) (punctuation modified). According to Homedics, Highflyer's sale of Homedics products "has led to consumer confusion regarding their coverage under Homedics' manufacturer's warranty, as consumers believe they are purchasing new products directly from Homedics when in fact they are receiving used or refurbished products from an unauthorized reseller." SAC ¶ 15. The SAC includes a picture of a review left by a consumer on a Highflyer listing for a Homedics good on Amazon. Id. The review warns other consumers to "[b]e careful" because "[t]he initial Amazon page shows that the item is coming from the Homedics company, when it is actually sourced from a third party . . . [that] would not honor the warranty." Id. This is sufficient to allege a likelihood of confusion among consumers.

The Court also finds that Highflyer's argument regarding the first-sale doctrine fails. As Highflyer correctly notes, the first-sale doctrine provides a defense to claims of infringement in that resale by the first purchaser of an original trademarked item is generally neither trademark infringement nor unfair competition. Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc., 474 F.3d 365, 369 (6th Cir. 2007). "The rationale for the rule is that trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold." Id. (punctuation modified). However, there are two situations when the first-sale doctrine does not apply: (i) when the notice that the item has been repackaged is inadequate, and (ii) when an alleged

8

infringer sells trademarked goods that are materially different than those sold by the trademark owner. Id. at 369–370.

Homedics argues that Highflyer's products are materially different from its own because they are not covered under Homedics manufacturer's warranty. SAC ¶¶ 15, 18–19; Resp. at 11–12. Because "reselling products with inferior warranties constitutes a material difference," ABG Prime Grp., Inc. v. Innovative Salon Prods., Inc., No. 17-12280, 2018 WL 2937327, at *4 (E.D. Mich. June 12, 2018) (punctuation modified), Highflyer's attempted reliance on the first-sale doctrine fails at the motion to dismiss stage. For these reasons, Homedics has sufficiently alleged a trademark infringement claim under the Lanham Act.

2. **Unfair Competition, False Designation of Origin, Common-Law Trademark Infringement, Common-Law Unfair Competition, and Violation of the MCPA**

The same likelihood-of-confusion analysis described above applies equally to Homedics' following claims: (i) unfair competition under the Lanham Act, (ii) false designation of origin under the Lanham Act, (iii) common-law trademark infringement, (iv) common-law unfair competition, and (v) violation of the MCPA.[5] For the reasons explained in the prior section, the Court finds that Homedics has sufficiently alleged a likelihood of confusion. These claims, therefore, survive the motion to dismiss.

---

[5] See, e.g., Audi AG v. D'Amato, 469 F.3d 534, 542 (6th Cir. 2006) ("Under the Lanham Act . . . we use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks."); Sigma Phi Soc'y (Inc.) v. Michigan Sigma Phi, Inc., No. 20-12817, 2024 WL 1396255, at *5 (E.D. Mich. Mar. 31, 2024) ("The likelihood of confusion test applies with equal force to a Michigan common law claim for trademark infringement and unfair competition."); Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc., 931 F.2d 1100, 1105, n.1 (6th Cir. 1991) (holding that the same likelihood of confusion analysis applies to a MCPA claim and common law unfair competition claim). The parties do not seem to dispute that the same test applies to these claims. See Mot. at 15, 18; Resp. at 12–13, 16–18.

9

3. False Advertising

Homedics' only claim requiring a different analysis is its claim for false advertising under 15 U.S.C. § 1125(a). To properly allege a false advertising claim, a plaintiff must allege: (i) the defendant has made false or misleading statements of fact concerning his own product or another's; (ii) the statement actually deceives or tends to deceive a substantial portion of the intended audience; (iii) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (iv) the advertisements were introduced into interstate commerce; and (v) there is some causal link between the challenged statements and harm to the plaintiff. Grubbs, 807 F.3d at 798.

Homedics alleges that Highflyer "falsely advertises its products as new, genuine Homedics products covered by Homedics' warranties, when in fact they are not." Resp. at 14. Highflyer argues these allegations are conclusory. See Mot. at 17 ("[O]ther than offer vague and conclusory allegations, the Complaint does not identify any facts supporting advertisement of 'previously sold, refurbished or other Homedics goods as new products,' let alone identify a particular instance where this happened, e.g., what product, when and where."). Further, Highflyer argues that "the only 'advertisement' referenced in the Complaint . . . does not say anything about 'Homedics' manufacturer's warranty.'" Id.

The Court finds that Homedics' allegations are not too conclusory to survive the motion to dismiss stage. Homedics does not simply allege that Highflyer made false or misleading statements. Homedics alleges that Highflyer sells products with advertisements that are nearly identical to those of Homedics, SAC ¶ 18, and misrepresents the condition and source of its products, id. ¶ 17. The fact that Homedics does not reference a specific Highflyer advertisement discussing Homedics' warranty is not dispositive—an advertisement can mislead a consumer into

10

believing a product is covered by a manufacturer's warranty, even if it does not explicitly claim so, which is exactly what Homedics alleges, see id. ¶ 18.

For these reasons, Homedics has sufficiently pled a false advertising claim under the Lanham Act.

### III. CONCLUSION

For the reasons set forth above, the Court denies Highflyer's motion to dismiss in its entirely (Dkt. 33).

SO ORDERED.

Dated: January 13, 2025　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

　　　　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　　　　Case Manager